UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MCCARTHY BUILDING COMPANIES, INC., and KIEWIT INFRASTRUCTURE WEST CO., f/k/a KIEWIT PACIFIC CO., d/b/a MCCARTHY/KIEWIT JOINT VENTURE,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>RSUI INDEMNITY COMPANY, AXIS SURPLUS INSURANCE COMPANY and ARCH INSURANCE COMPANY,<br>　　　　　Defendants. | Cause No.<br><br><br>Circuit Court of St. Louis Co.<br>Cause No.: 10SL-CC03780<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

COMES NOW Defendant, RSUI Indemnity Company ("RSUI") and files this Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1446, and for grounds hereof respectfully states as follows:

1. On September 17, 2010, Plaintiffs McCarthy Building Companies, Inc. and Kiewit Infrastructure West, Co., doing business as McCarthy/Kiewit Joint Venture ("MKJV"), filed a Petition for Breach of Contract ("Petition") against RSUI, Axis Surplus Insurance Company, and Arch Insurance Company in the Circuit Court for St. Louis County, Cause No. 10SL-CC03780.

2. Plaintiffs' Petition seeks to recover for RSUI and Axis' alleged refusal to honor their obligations to Plaintiffs as insureds following a claim that a hospital construction

1

project in Honolulu, Hawaii, was allegedly constructed in a deficient and/or defective manner.

3. Plaintiffs' Petition also names their primary insurance carrier, Arch Insurance Company ("Arch"), and stated that Arch has tendered its policy limits in settlement of the claims that the Hawaii hospital was negligently constructed. The only count against Arch is a Declaratory Judgment claim in which Plaintiffs allege, without any factual support, that an actual controversy exists between it and Arch.

4. The controversy in the above-referenced action is wholly between citizens of different states:

   a. Plaintiff, Kiewit Infrastructure West Co. ("Kiewit"), is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Vancouver, Washington.

   b. Plaintiff, McCarthy Building Companies, Inc. ("McCarthy"), is a corporation duly organized and existing under the laws of the State of Missouri with its principal place of business in St. Louis, Missouri.

   c. Defendant, RSUI Indemnity Company, is a corporation duly organized and existing under the laws of the State of New Hampshire, with its principal place of business in Atlanta, Georgia.

   d. Defendant, Axis Surplus Insurance Company, is a corporation duly organized and existing under the laws of the State of Georgia, with its principal place of business in Chicago, Illinois.

   e. While Defendant Arch is a resident of the State of Missouri, Arch is not a necessary or proper party to this lawsuit in that Arch has only been added as a

      party to this lawsuit for purposes of fraudulent and pretensive joinder in order for Plaintiffs to engage in forum shopping and to improperly obtain jurisdiction and venue within the Circuit Court of St. Louis County.

f. The Petition's sole factual allegation related to Arch is the assertion that Arch has settled the claim with MKJV and tendered its policy limits of $1 million, thereby purportedly exhausting Arch's policy obligations and triggering RSUI's and Axis' obligations under their excess insurance policies. (*See* Exhibit 1 (Mo. Petition) to RSUI's *Motion to Dismiss for Improper Joinder and For Removal* at ¶¶ 3, 4, 19).

g. The existence of a justiciable controversy is essential before a court may exercise jurisdiction over a Missouri declaratory judgment claim, and the petition must contain a sufficiently complete statement of facts presenting issues ripe for determination. *George v. Brewer*, 62 S.W.3d 106, 110 (Mo. App. 2001). Where there is no justiciable controversy, it is an abuse of discretion for the trial court to undertake a declaratory judgment action. *Id.*

h. Joinder of a defendant pursuant to the Missouri Declaratory Judgment Act should be considered fraudulent if the resident defendant has "no interest or claim in the outcome" of the declaratory judgment lawsuit. *Maldonado v. Hartmann*, No. 4:07CV853 CDP, 2007 WL 1862763, *2 (E.D. Mo. June 28, 2007) (Hon. Perry, C.J.).

i. Joinder of a non-diverse party designed solely to deprive federal courts of diversity jurisdiction is fraudulent and will not prevent removal. *Anderson v.*

*Home Insurance Company*, 724 F.2d 82, 84 (8th Cir. 1983); *Reeb v. Wal-Mart Stores, Inc.*, et. al., 902 F.Supp. 185 (E.D. Mo. 1995).

    j. A copy of defendant RSUI's Motion to Dismiss for Improper Joinder and For Removal is filed contemporaneously and incorporated by reference into Defendant RSUI's Notice of Removal.

5. The matter in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000) in that Plaintiffs' Petition claims that Plaintiffs have been damaged in an amount that exceeds $25 million. (*See* Exhibit 1 (Mo. Petition) to RSUI's *Motion to Dismiss for Improper Joinder and For Removal* at ¶ 30; *See also* Petition from State Court file which is filed as an attachment to this Notice of Removal).

6. This Notice of Removal has been filed within thirty (30) days after receipt by Defendant RSUI of a copy of Plaintiffs' initial pleadings setting forth the claim for relief upon which said action is based. Therefore, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446.

7. Because complete diversity of citizenship exists between Plaintiffs and Defendants, because Defendant Arch has been improperly and fraudulently joined as a defendant in this lawsuit, and because the amount in controversy in this action exceeds the sum of Seventy-Five Thousand Dollars ($75,000), removal to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1446.

8. Counsel for Defendant Axis Surplus Insurance Company has been contacted and has consented to RSUI's filing of this Notice of Removal. *See* Letter from Susan Schwartzkopf attached hereto.

9.  Defendant RSUI files herewith a copy of all process, pleadings and orders relevant hereto. The complete state court file is filed as an attachment to this Notice of Removal.

WHEREFDORE, RSUI respectfully requests that this Court accept jurisdiction of this action.

>Respectfully submitted,
>
>BROWN & JAMES, P.C.
>
>/s/ Steven H. Schwartz
>Steven H. Schwartz,   #4316
>Matthew G. Koehler,  #519619
>1010 Market Street, 20th floor
>St. Louis, Missouri  63101
>Telephone: (314) 421-3400
>Facsimile: (314) 421-3128
>sschwartz@bjpc.com
>
>***Attorneys for RSUI Indemnity Co.***

## **CERTIFICATE OF SERVICE**

      A copy of the foregoing was sent via U.S. Mail, postage prepaid, this 29th day of October, 2010, to the following:

| | |
|---|---|
| Mr. Richard Hardcastle, III<br>Greensfelder, Hemker & Gale, P.C.<br>10 South Broadway, Suite 2000<br>St. Louis, Missouri 63102<br>rrh@greensfelder.com<br>**Attorneys for Plaintiffs** | Mr. Michael J. O'Connor<br>Mr. Edward E. Weiman<br>Ms. Audrey J. Jing<br>White O'Connor Fink & Brenner, LLP<br>10100 Santa Monica Boulevard<br>Los Angeles, California 90067<br>moconnor@whiteo.com<br>eweiman@whiteo.com<br>ajing@whiteo.com<br>**Attorneys for Plaintiffs** |

    /s/ Steven H. Schwartz
      Attorney for Defendant RSUI Indemnity Co.

#8788566