IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MCCARTHY BUILDING COMPANIES, INC., And KIEWIT INFRASTRUCTURE WEST CO., f/k/a/ KIEWIT PACIFIC CO., d/b/a MCCARTHY/ KIEWIT JOINT VENTURE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Cause No.: |
| vs. | ) ) | Circuit Court of St. Louis Co. Cause No.: 10SL-CC03780 |
| RSUI INDEMNITY COMPANY, AXIS SURPLUS INSURANCE COMPANY and ARCH INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT RSUI INDEMNITY COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER JOINDER AND FOR REMOVAL**

**I.     PRELIMINARY STATEMENT**

This matter involves an insurance dispute arising out of the allegedly defective construction of a hospital in Honolulu, Hawaii. In June of 2005, Plaintiff McCarthy Building Companies, Inc. and Kiewit Infrastructure West, Co., doing business as McCarthy/Kiewit Joint Venture ("MKJV"), purchased Commercial General Liability ("CGL") insurance specifically for its construction of a multi-story addition to the Kaiser Moanalua Hospital in Honolulu, Hawaii. MKJV purchased its primary CGL coverage for the hospital project from Arch Insurance Company ("Arch"). MKJV also purchased a commercial excess liability policy for the hospital project from RSUI Indemnity ("RSUI"), and a commercial excess liability insurance policy from Axis Surplus Insurance Company ("Axis").

1

In this lawsuit, MKJV generally alleges that RSUI and Axis have refused to honor their obligations to MKJV arising from the above-referenced excess liability insurance policies. In their Petition, MKJV asserts claims against RSUI and Axis for Breach of Contract (Count I), Anticipatory Breach of Contract (Count II), Breach of Implied Covenant of Good Faith and Fair Dealing (Count III), and Bad Faith (Count IV). Lastly, MKJV asserts a claim for Declaratory Judgment (Count V) against RSUI, Axis and Arch. That Declaratory Judgment claim is the only claim that MKJV asserts against Arch.

There is no question that, but for Arch's inclusion in this case, complete diversity of citizenship would exist between Plaintiffs MKJV, on the one hand, and RSUI and Axis, on the other hand. As demonstrated below, Arch has been fraudulently or pretensively joined because MKJV has no justiciable controversy as to Arch and Arch has no interest that will be affected by the outcome of the declaratory judgment claim in Count V. Arch should be dismissed from this lawsuit, or its residency disregarded for purposes of determining diversity jurisdiction.

## II.   FACTUAL BACKGROUND

In May, 2005, Plaintiffs MKJV contracted with Kaiser Foundation Health Plan, Inc. ("Kaiser") to construct a portion of Kaiser's medical center located in Honolulu, Hawaii (hereinafter the "Project"). (*See* Exhibit 1 (Mo. Petition) at ¶¶ 3, 14). Sometime in June, 2005, MKJV purchased from Arch a Commercial General Liability ("CGL") insurance policy, with a liability limit of $1 million per occurrence, for any liability arising out of construction and maintenance work on the Project. (Exhibit 1 (Mo. Petition) at ¶ 18(a)). MKJV also purchased a commercial excess liability insurance policy from RSUI, and a commercial excess liability insurance policy from Axis. (Exhibit 1 (Mo. Petition) at ¶ 18(b) – (c)).

In August, 2008, Kaiser allegedly discovered that flooring in a portion of the project was "delaminating and bubbling up from the slab to which it was supposed to be adhered." Kaiser ultimately alleged numerous defects existed on the hospital Project and claimed it had suffered, and would continue to suffer, damages as a result of the defects. (Exhibit 1 (Mo. Petition) at ¶ 16-17). Thereafter, MKJV tendered Kaiser's claim for negligent construction to Arch, under its primary CGL policy, and RSUI and Axis, respectively, under their excess policies. (Exhibit 1 (Mo. Petition) at ¶ 18).

In May, 2010, Kaiser's claim for damages was the subject of an alternative dispute resolution proceeding held in California. Kaiser, MKJV, Arch, RSUI and Axis attended and participated in the proceeding.

On August 19, 2010, Axis and RSUI filed a declaratory relief action against MKJV and Arch in the Circuit Court of the First Circuit of Hawaii, Case No. 10-1-1798-08, to resolve coverage disputes arising from the Kaiser claim and the excess insurance policies issued by Axis and RSUI. *See* Complaint for Declaratory Judgment from the Hawaii lawsuit at Exhibit 2.

On September 13, 2010, at another alternative dispute resolution proceeding between Kaiser, MKJV, Arch, RSUI, and Axis, Arch tendered its policy limit of $1 million to MKJV in settlement of all of Kaiser's claims of defective workmanship. (Exhibit 1 (Mo. Petition) at ¶ 19). MKJV alleges this tender by Arch exhausted Arch's obligations under its primary CGL policy and purportedly triggered "RSUI's and AXIS' obligations under their policies and at law . . ." (*Id*.).

On September 17, 2010, MKJV filed the Petition in the instant case against RSUI, Axis, and Arch in the Circuit Court for St. Louis County. (Exhibit 1 (Mo. Petition) at 1).

On October 12, 2010, MKJV removed the Hawaii state court case to the United States District Court for the District of Hawaii. A true and correct copy of the Notice of Removal filed by MKJV is attached hereto as Exhibit 3, and incorporated herein by reference. In their Notice of Removal, MKJV alleged:

> On October 12, 2010, MKJV entered into a partial settlement agreement with Kaiser for $1 million. Arch has approved and agreed to fund this amount, thereby exhausting the applicable limit of insurance under the Arch Policy. **Because Arch no longer has any interest in the litigation, Arch should be disregarded for purposes of determining diversity jurisdiction**."

(Exhibit 3 (Hawaii Notice of Removal) at ¶ 5) (emphasis added). On October 26, 2010, an Amended Complaint was filed in the Hawaii lawsuit. *See* First Amended Complaint for Declaratory Judgment at Exhibit 4.

## III.   LEGAL ANALYSIS

### A.  Fraudulent Joinder Standard

A plaintiff cannot defeat diversity jurisdiction by collusive or fraudulent joinder of a resident defendant. *Anderson v. Home Ins.,* 724 F.2d. 82, 83-4 (8th Cir. 1983); *Commercial Savings Bank v. Commercial Federal Bank, et. al.,* 939 F.Supp. 674, 680 (N.D. Iowa 1996). The party asserting fraudulent joinder has the burden of proving the alleged fraud. *Filla v. Norfolk Southern Railway Co., et. al.,* 336 F.3d. 806, 809 (8th Cir. 2003); *Wiles v. Capitol Indemnity Corp.,* 280 F.3d. 868, 871 (8th Cir. 2002). The Eighth Circuit has formulated the applicable standard for deducing whether joinder is fraudulent, stating "[w]here applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla*, 336 F.3d at 810. " '[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is

4

fraudulent and federal jurisdiction of the case should be retained.'" *Id.* (*quoting Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d. 400, 406 (8th Cir.1977)). "However, if there is a 'colorable' cause of action-that is, if the state law *might* impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." *Filla*, 336 F.3d at 810; *see also*, *Wilkenson v. Shackelford*, 478 F.3d. 957 (8th Cir. 2007), *and Menz v. New Holland North America, Inc.* 440 F.3d. 1002 (8th Cir. 2006). According to the Eighth Circuit, any review of the issue of fraudulent joinder must focus on the concept of "reason"-that if a reasonable basis in fact and law supporting the claim existed, the joinder was not fraudulent. *Filla*, 336 F.3d at 810; *Wilkenson, supra* (affirming the *Filla* reasonableness standard); *Menz, supra* (affirming the *Filla* reasonableness standard).

### B. Missouri's Declaratory Judgment Act

Count V of MKJV's Petition seeks a declaratory judgment against Arch and the other Defendants under Missouri's Declaratory Judgment Act, Section 527.010. For an action under the Declaratory Judgment Act to be proper, there must be a justiciable controversy. *State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d 122, 128 (Mo. banc 2000). "A justiciable controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination." *Missouri Health Care Ass'n v. Attorney General of the State of Missouri*, 953 S.W.2d 617, 620 (Mo. banc 1997). "The petition must present a 'real, substantial, presently existing controversy admitting of specific relief as distinguished from an advisory or hypothetical situation.'" *Akin v. Director of Revenue*, 934 S.W.2d 295, 198 (Mo. banc 1996) (quoting *City of Jackson v. Heritage Sav. & Loan Ass'n*, 639 S.W.2d 142, 144 (Mo. App. E.D. 1982).

The existence of a justiciable controversy is essential before a court may exercise jurisdiction over a declaratory judgment claim, and the petition must plead sufficiently complete facts presenting issues ripe for determination. *George v. Brewer*, 62 S.W.3d 106, 110 (Mo. App. 2001). Where there is no justiciable controversy, it is an abuse of discretion for the trial court to undertake a declaratory judgment action. *Id*. Instead, the claim must be dismissed for failure to state a claim upon which relief can be granted. *Id*.

The Declaratory Judgment Act further provides that "all persons shall be made parties [to a declaratory judgment action] **who have or claim any interest which would be affected by the declaration** . . . ." R.S.Mo. § 527.110 (emphasis added). Courts have consistently held that a party's "interest" must be more than a consequential, remote, or a conjectural possibility of being somehow affected by the pending action. *Moschenross v. St. Louis County*, 188 S.W.3d 13, 25 (Mo. App. E.D. 2006) (non-joined party had no "interest" under the statute because the judgment did not purport to determine any obligation or right of the non-joined party, and the non-joined party's liability was not the subject matter of the action and was not settled by the judgment). "The interest at issue must be a direct claim upon the subject of the action such that **the joined party will either gain or lose by direct operation of the judgment rendered**." *Id*. (emphasis added). *See also Maldonado v. Hartmann*, No. 4:07CV853 CDP, 2007 WL 1862763, *2 (E.D. Mo. June 28, 2007) (Hon. Perry, C.J.).

C. **The Declaratory Judgment Claim Against Arch Does Not State A Claim Because MKJV Fails To Plead A Justiciable Controversy And Because Arch Will Not Be Affected By Any Ruling On The Claim**

MKJV failed to allege any facts demonstrating a justiciable controversy against Arch or that Arch has an interest that will be affected by the outcome of the claim. (*See* Exhibit 1 (Mo. Petition) at ¶19). In support of the declaratory judgment claim, MKJV asserted *in a conclusory*

6

*manner* that a controversy exists between MKJV and Arch, RSUI and Axis regarding coverages provided by the various policies. (*Id*. at ¶ 49). However, MKJV failed to plead any facts to support the conclusion that a "controversy" exists between it and Arch. There are no facts suggesting that Arch stands to gain or lose by direct operation of any judgment to be rendered and no facts suggesting that Arch and MKJV have genuine adverse interests to be resolved.

The Petition's only allegations as to Arch actually contradicted MKJV's conclusion that a controversy exists between MKJV and Arch. The sole allegation relating to Arch is the assertion that Arch tendered its policy limits of $1 million, thereby purportedly exhausting Arch's policy obligations and triggering RSUI's and Axis' obligations under their excess insurance policies. (Exhibit 1 (Mo. Petition) at ¶¶ 3, 4, 19). Rather than show that a justiciable controversy exists, those factual allegations show that Arch's liability is not the subject matter of the action and will not be resolved by any judgment entered on this action. MKJV's allegation that Arch has tendered its policy limits and triggered RSUI and Axis' excess liability obligations is an *admission* that Arch has no interest in this lawsuit.

MKJV also admitted in a related lawsuit that Arch has no interest or stake in this matter and should be disregarded for diversity purposes. On August 19, 2010, Axis and RSUI filed a declaratory relief action against MKJV and Arch in the Circuit Court of the First Circuit of Hawaii, Case No. 10-1-1798-08, to resolve the same insurance coverage disputes that are the subject of this lawsuit[1]. (*See* Exhibit 2). MKJV filed a Notice of Removal in that lawsuit and admitted that there is no controversy between it and Arch, stating:

---

[1] Although MKJV has admitted in their Hawaii Notice of Removal that MKJV has no dispute with Arch, that does not preclude issues between RSUI/Axis and Arch as alleged in the Hawaii action. The disputes between RSUI/Axis and Arch do not have any effect on this Removal Petition here.

> On October 12, 2010, MKJV entered into a partial settlement agreement with Kaiser for $1 million. Arch has approved and agreed to fund this amount, thereby exhausting the applicable limit of insurance under the Arch Policy. **Because Arch no longer has any interest in the litigation, Arch should be disregarded for purposes of determining diversity jurisdiction**.

(Exhibit 3 (Hi. Notice of Removal) at ¶ 5 (emphasis added)). Those statements are judicial admissions that are binding on MKJV and can be relied upon by this Court for purposes of this removal. *See National Surety Corp. v. Ranger Ins. Co.*, 260 F.3d 881, 886 (8th Cir. 2001) ("Judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible."); *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 276 F. Supp. 2d 999, 1007 (D. N.D. 2003) (holding the judicial admission doctrine precluded a party from making a contradictory factual assertion to the court).

  MKJV cannot have it both ways. MKJV asserted in one lawsuit that Arch has no interest in litigation with RSUI and Axis that concerns insurance coverage for the Kaiser claim. MKJV admitted in the Hawaii case that Arch should be disregarded for purposes of determining diversity jurisdiction because it settled with MKJV. These judicial admissions preclude MKJV from claiming in this lawsuit that a justiciable controversy against Arch now exists. It is clear from MKJV's admission that Arch has no interest and was fraudulently joined in the present lawsuit to try to prevent diversity jurisdiction.

  Case law from the Eastern District of Missouri further demonstrates that a defendant who has settled his claims is not a proper party to a Missouri declaratory judgment action. In *Maldonado,* 2007 WL 1862863 (E.D. Mo. June 28, 2007) (Hon. Perry, C.J.), a plaintiff entered into a consent judgment in the amount of the policy limits with two individual defendants, and agreed that the judgment could be executed only against insurance proceeds. *Id*. at *1-2.

Plaintiff then filed a declaratory judgment suit against the individual defendants and the two insurance company defendants seeking a declaration that the policies provided coverage, no exclusions applied, and asked the court to enter a judgment against all the defendants. *Id*. The insurance company defendants removed the case, arguing that the individual defendants, who were both Missouri residents, were fraudulently joined. *Id*. at *1.

The Court in *Maldonado* found that plaintiff's petition alleged no cause of action against the individual defendants who had entered into the consent judgment. Even if all the claims of the petition were found in plaintiff's favor, the court found that there would be no resulting liability against the individual defendants because the disputes between them were settled by the consent judgment. *Id*. at *2. According to the court, under Section 527.110 of the Missouri Declaratory Judgment Act and the *Moschenross* case (188 S.W.3d at 25), the individual defendants had "no interest or claim in the outcome of this suit; their liability will not change at all depending on the outcome here." *Id*. The court then found that the individual defendants were fraudulently joined because there was no factual or legal basis for a claim by plaintiff against them. *Id*. at *3. Therefore, the court dismissed the individual defendants for misjoinder, and held that their fraudulent joinder did not prevent removal. *Id*.

Like the plaintiff in *Maldonado*, MKJV failed to state a claim against Arch. Arch has no interest that will be affected by the outcome of this suit because, according to MKJV's Petition, Arch has already settled with MKJV and tendered its policy limits. Because it has settled, Arch's liability will not change based on how the court rules in the present declaratory judgment action. MKJV's suit seeks insurance policy benefits from RSUI and Axis and a declaratory judgment as to the applicability of insurance policies issued by RSUI and Axis.[2] As MKJV

---

[2] This is the <u>same</u> subject of the Hawaii declaratory judgment action filed by RSUI and Axis against MKJV. (*See* Exhibit 2).

admitted, Arch's policy limits have been extinguished by settlement and there is no factual or legal basis for a claim by MKJV against Arch. Under *Maldonado*, Arch should be dismissed for fraudulent joinder, and its fraudulent joinder should not prevent removal.

Another case from the Eastern District of Missouri further demonstrates the "actual controversy" requirement for declaratory judgment actions. In *St. Paul Fire & Marine Ins. Co. v. Medical Protective Co. of Fort Wayne, Indiana*, 675 S.w.2d 665, 667 (Mo. App. E.D. 1984), the plaintiff had no interest in any "**question of construction or validity** of the contract." *Id*. (Emphasis added). The court held that the plaintiff "failed to present a set of facts from which the court can find that it has a **present legal controversy with defendant**," and therefore plaintiff was not entitled to a declaratory judgment action with respect to that defendant. *Id*. (Emphasis added).

In this case, MKJV did not plead any facts which show a dispute exists between MKJV and Arch. Specifically, it did not plead facts which demonstrate an interest in any question of construction or validity relating to Arch's obligations under its CGL insurance policy issued to MKJV for the hospital Project. Arch settled the Kaiser claim with MKJV and, for this reason, MKJV is not entitled, as a matter of law, to a declaration of rights with respect to Arch.

As noted above, the joinder of a defendant is fraudulent, and the residency of that defendant therefore should be disregarded for purposes of removal, where no cause of action can be asserted as a matter of law by plaintiff against the defendant. *See Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."). Therefore, because it is clear that MKJV has no justiciable controversy against Arch, Arch has no interest or claim in the outcome of this lawsuit, and there is no factual or legal

10

basis for MKJV's claim against Arch, inclusion of Arch in this case was fraudulent and it should be dismissed or its residency disregarded for purposes of removal.

## IV.   CONCLUSION

MKJV's admissions show it has no justiciable controversy against Arch because the two parties have already settled the Kaiser claim. For this reason, Arch was fraudulently and pretensively joined in this case for the purpose of preventing removal of this action. RSUI respectfully submits that Arch should be dismissed from this case or its residency disregarded for purposes of removal.

Respectfully submitted,

BROWN & JAMES, P.C.

/s/ Steven H. Schwartz
Steven H. Schwartz,   #4316
Matthew G. Koehler,  #519619
1010 Market Street, 20th floor
St. Louis, Missouri  63101
Telephone: (314) 421-3400
Facsimile: (314) 421-3128
sschwartz@bjpc.com

***Attorneys for RSUI Indemnity Co.***

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid this 29th day of October, 2010, to the following:

| | |
|---|---|
| Mr. Richard Hardcastle, III<br>Greensfelder, Hemker & Gale, P.C.<br>10 South Broadway, Suite 2000<br>St. Louis, Missouri  63102<br>rrh@greensfelder.com<br>***Attorneys for Plaintiffs*** | Mr. Michael J. O'Connor<br>Mr. Edward E. Weiman<br>Ms. Audrey J. Jing<br>White O'Connor Fink & Brenner, LLP<br>10100 Santa Monica Boulevard<br>Los Angeles, California  90067<br>moconnor@whiteo.com<br>eweiman@whiteo.com<br>ajing@whiteo.com<br>***Attorneys for Plaintiffs*** |

               /s/ Steven H. Schwartz
                 Attorney for Defendant RSUI Indemnity Co.

#8793940