UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MCCARTHY BUILDING COMPANIES, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10CV02063 AGF |
| RSUI INDEMNITY CO., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case was removed to this Court by two of the named defendants who assert that removal jurisdiction is proper under diversity of citizenship. Plaintiffs are McCarthy Building Companies, Inc. ("McCarthy") and Kiewit Infrastructure West Co., f/k/a Kiewit Pacific Co. ("Kiewit"), d/b/a McCarthy Kiewit Joint Venture (collectively, "MKJV" or Plaintiffs). After claims of defective construction were asserted against MKJV by Kaiser Foundation Health Plan, Inc. ("Kaiser"), related to a construction project for Kaiser in Honolulu, Hawaii, in which MKJV served as a general contractor, MKJV filed suit in the Circuit Court of St. Louis County against its insurance carriers, RSUI Indemnity Company ("RSUI") and AXIS Surplus Insurance Company ("AXIS"), claiming they breached their obligations under their excess insurance policies. MKJV also asserted a claim for declaratory relief against RSUI, AXIS, and its primary insurance carrier, Arch Insurance Company ("Arch"). MKJV and Arch seek to remand the case to state court, pursuant to 28 U.S.C. § 1447(c), asserting that complete diversity of citizenship is

lacking, and that other procedural requirements for removal have not been met. RSUI and AXIS contend, in part, that Plaintiffs fraudulently joined Arch to defeat diversity and that Arch should be realigned as a plaintiff. Because the Court does not find fraudulent joinder, the motions to remand [Doc. Nos. 19 & 62] shall be granted.

**I. Background**

In May 2005, Kaiser hired MKJV to serve as the general contractor on a construction project in Honolulu, Hawaii. MKJV is a joint venture composed of McCarthy, a Missouri corporation, and Kiewit, a Delaware corporation. In connection with its work on the project, MKJV purchased primary liability insurance from Defendant Arch, and excess liability insurance from Defendants RSUI and AXIS. Arch is a Missouri corporation, RSUI is a New Hampshire corporation, and AXIS is a Georgia corporation.

Kaiser asserted a claim against MKJV for damages purportedly suffered as a result of allegedly deficient and/or defective construction work on the project. MKJV tendered the claim to Arch, RSUI, and AXIS pursuant to the policies each had issued. Arch accepted MKJV's tender and agreed to defend MKJV under a reservation of rights. Arch also reserved its rights on all outstanding coverage issues related to the underlying claim. RSUI and AXIS disavowed any obligation to MKJV under the policies.

On August 19, 2010, AXIS and RSUI filed a complaint for declaratory relief against MKJV and Arch in the Circuit Court of Hawaii, seeking a declaration that RSUI and AXIS were not obligated to indemnify MKJV for the amounts MKJV may become

liable to pay because of the claim.  On September 13, 2010, Arch tendered its $1 million per occurrence policy limit towards a partial settlement of the claim.

On September 17, 2010, MKJV filed this action against RSUI, AXIS, and Arch in the Circuit Court for the County of St. Louis.  In its petition, MKJV alleges claims against RSUI and AXIS for breach of contract, anticipatory breach of contract, breach of the implied covenant of good faith and fair dealing, and insurance bad faith.  In addition, MKJV seeks a declaratory judgment as to the rights and obligations, if any, that continue to exist under the Arch, RSUI, and AXIS policies, following Arch's tender of $1 million toward settlement of the claim.

On October 18, 2010, RSUI rejected MKJV's tender of defense, disclaiming any present obligation to defend MKJV and claiming that Arch, as primary insurer, had not properly exhausted the limits of its policy.  RSUI takes the position that Arch is not limited to the $1million per occurrence limit it has paid, and instead is liable for the full $2 million limit of its policy.  Arch thereafter agreed to continue its defense and indemnity obligations under the policy, in the event a court determines that Arch had not properly exhausted its applicable policy limits.

On October 29, 2010, RSUI filed a motion to dismiss the claims against Arch and to remove this action from state court based on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).  MKJV has moved to remand and in support of its motion for remand, MKJV argues that removal is improper because McCarthy and Arch are both Missouri corporations.  MKJV also asserts that RSUI's notice of removal was untimely, and that Arch did not consent to removal as required under 28 U.S.C. § 1447(b).  Arch

has joined in and adopted MKJV's motion.

In response to MKJV's jurisdictional argument, RSUI and AXIS assert that there is no real controversy between MKJV and Arch and that MKJV fraudulently joined Arch as a defendant in order to defeat complete diversity and deprive this Court of jurisdiction. In the alternative, RSUI and AXIS assert that if Arch was not fraudulently joined, the Court nonetheless should realign the parties in this suit, making Arch a plaintiff and preserving complete diversity. They argue that such a realignment would be proper because Arch's interests are more closely aligned with MKJV's than they are with those of RSUI and AXIS.

**II. Discussion**

Under 28 U.S.C. 1441(b), a defendant may remove a civil action from state court to federal court on the basis of diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed. *See, e.g., Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)*; Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992); *Nicely v. Wyeth*, 4:11-CV-338, 2011 WL 2462060 at *2 (E.D. Mo. June 17, 2011). Where diversity of citizenship provides the basis for the court's exercise of subject matter jurisdiction, the presence of a home state defendant is considered a jurisdictional defect and not a mere procedural irregularity. 28 U.S.C.§ 1441(b) ; *See Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005). In assessing the propriety of removal, a court is to "resolve all doubts about federal jurisdiction in favor of remand and . . . strictly to construe legislation permitting removal." *Dahl v. R. J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). The party opposing remand

4

has the burden of establishing that federal subject matter jurisdiction exists, and that all prerequisites to jurisdiction have been met. *Official Plan Comm. of Omniplex Commc'ns Group, LLC v. Lucent Tech., Inc.*, 344 F. Supp. 2d 1194, 1196 (E.D. Mo. 2004).

Where, as here, the basis for original jurisdiction and, hence removal, is diversity of citizenship, and the face of the complaint fails to exhibit complete diversity, a defendant may avoid remand by demonstrating that the plaintiff fraudulently joined a non-diverse party to avoid removal. *See In re Prempro Prods. Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Filla,* 336 F.3d at 808). Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal. *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 445-46 (8th Cir. 2010). To prove that a plaintiff fraudulently joined a non-diverse defendant, the defendant seeking removal must prove that the plaintiff's claim against the defendant whose presence destroys diversity has "no reasonable basis in fact and law." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 969, 977 (8th Cir. 2011) (quoting *Filla*, 336 F.3d at 810). As the party invoking federal jurisdiction, the removing defendant bears the burden of establishing jurisdiction by a preponderance of the evidence. *Prempro,* 591 F.3d at 620.

In this case, MKJV's allegations against Arch are based in state law, specifically the Missouri Declaratory Judgment Act, Mo. Rev. Stat § 527.010, et. seq. In *Filla*, the Eighth Circuit Court of Appeals summarized the standard to be applied when the fraudulent joinder analysis involves a state law claim. If ". . . applicable state precedent precludes the existence of a cause of action against a defendant [and] . . . it is clear under governing state law that the complaint does not state a cause of action against the

non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (internal citations and quotations omitted). Further elaborating on the *Filla* standard in subsequent cases, the Eighth Circuit has made clear that the standard is less rigorous than that required for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Knudson*, 634 F.3d at 980.

Upon examination of the original complaint, the Court concludes that Defendants RSUI and AXIS have failed to sustain their burden of proving by a preponderance of the evidence that Arch was made a party to the suit for the sole purpose of defeating diversity jurisdiction and that MKJV's claim against Arch has no reasonable basis in law or fact.

RSUI and AXIS assert that because Arch has undertaken to pay a sum in partial settlement of the underlying claim, Arch has no continuing obligation to MKJV and that there is no controversy between Plaintiffs and Arch which justifies naming Arch as a Defendant. However, MKJV counters that if Arch is found not to have exhausted its limits of liability, MKJV has reserved all rights to pursue additional indemnity contributions and/or a continuing defense from Arch. Arch also alleges that it has reserved its rights with respect to all outstanding coverage issues, including its duty to defend MKJV with regard to the underlying claim.

It thus appears that Arch has a stake in the matter, standing to realize a gain or loss, as a result of a declaration of the parties' rights under the insurance policies in dispute. In addition, Missouri's Declaratory Judgment Act, Mo. Rev. Stat. § 527.010, et. seq., requires that "*all* persons shall be made parties [to a declaratory judgment action] who have or claim *any interest* which would be affected by the declaration . . . ." Mo.

6

Rev. Stat.§ 527.020 (emphasis added).  According to the Missouri courts, an "interest" under this statute is "not one which is merely consequential, remote or a conjectural . . . . " *Moschenross v. St. Louis County*, 188 S.W.3d 13, 25 (Mo.Ct.App.2006) (citation omitted).  "The interest at issue must be a direct claim upon the subject of the action such that the joined party will either gain or lose by direct operation of the judgment rendered." *Id.*  Since Arch can reasonably be said to have such an interest, Plaintiffs' joinder of Arch in the declaratory judgment action also has a "reasonable basis."  *See, e.g., PW Shoe Lofts, LP v. State Auto Property and Cas. Ins.Co.*, No. 4:10-CV-2241, 2011 WL 2295068 at *3-4 (E.D. Mo. June 7, 2011).

The interests of Arch and MKJV are also sufficiently adverse to form the basis for declaratory relief.  Arch made payment in partial settlement of the underlying claim, but it did so under a reservation of rights.  Whether Arch has additional obligations for payment or in defense of  MKJV will be determined by the declaration of the parties' respective obligations.  The allegations give rise to a live controversy between MKJV and Arch and create a reasonable basis for an action under the Missouri Declaratory Judgment Act.  *See, e.g.*, *Shelter Mut. Ins. Co. v. Vulgamott*, 96 SW.3d 96, 103 (Mo. Ct. App. 2003) (holding that an insurer's coverage obligations, including whether it is obligated to defend its insured in an underlying action, are the proper subject of a declaratory judgment action); *Citizens Ins. Co. of Am. v. Leiendecker*, 962  SW.2d 446, 449 (Mo. Ct. App. 1998) (question of primary insurer's obligation to defend after insured's rejection of insurer's proffered defense is proper subject of a declaratory judgment action); *State ex rel. Mid-Century Ins. Co. , Inc. v. Mckelvey*, 666 SW.2d 457, 459 (Mo. Ct. App. 1984) (declaratory

7

judgment is appropriate to determine full range of insurer's obligations to insured). On the basis of the foregoing, the Court holds that RSUI and AXIS' assertion of fraudulent joinder is without merit. RSUI and AXIS also argue that the Court should exercise its authority under Federal Rule of Civil Procedure 20 to realign the parties and denominate Arch as a plaintiff in the present action because Arch's interests are not adverse to those of MKJV. In determining whether to realign a party, the Eighth Circuit applies the test of "actual and substantial conflict." *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870-71(8th Cir. 1996); *see also Hartford Accident and Indem. Co. v. The Doe Run Res. Corp.*, No. 4:08-CV-1687, 2009 WL 1067209 at *3-4 (E.D. Mo. April 21, 2009). "[I]f there is any actual and substantial conflict existing" between the parties as aligned, the court should not realign them. *Doe Run*, 2009 WL 1067209 at *3 (citations omitted); *Mo. United Sch. Ins. Council v. Lexington Ins. Co.*, No. 4:10-CV-130 2010 WL1254657 at *5 (E.D. Mo. Mar. 24, 2010) (citing *Wagner,* 367 F.2d at 870).

As stated above, inasmuch as MKJV has reserved its rights to seek indemnification from Arch, and Arch has reserved the right to challenge all outstanding coverage issues, the interests of Arch and MKJV are sufficiently adverse to preclude the realignment of Arch as a plaintiff, especially where as here, RSUI and AXIS are asserting that Arch has not exhausted its limits under its policy. *Mo. United*, 2010 WL 1254657 at*4-5 (an "actual and substantial controversy" exists where an insurer defends an insured under a reservation of rights). Therefore, the Court declines to realign Arch as a plaintiff in this action.

Having determined that the joinder of Arch was not fraudulent and that its alignment as a defendant in this action is proper, complete diversity is lacking and this case should be remanded. In the absence of subject matter jurisdiction over this action, the Court will not determine the additional issues raised by Plaintiff as to the timeliness of the removal and Defendants' compliance with the notice and consent requirements for removal. Nor will the Court address Defendants' motions to dismiss and to transfer.

Plaintiff has also moved pursuant to 28 U.S.C. § 1447(c), to recover attorneys' fees incurred in opposing Defendants' motion to remand. An award of attorneys' fees after a remand, is authorized, but not required, under the removal statute. Pursuant to 28 U.S.C.§ 1447(c) an order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts generally decline to award attorney's fees under §1447(c) unless the removing party lacked an objectively reasonable basis for seeking removal or there has been a showing of bad faith. *See Martin v. Franklin Capital Corp.*, 546 U.S.132, 141(2005). Although Defendants' assertions of fraudulent joinder and misalignment of the parties were not ultimately persuasive, they do not lack an objectively reasonable basis. Nor does the court find any indication that Defendants' pursuit of removal was in bad faith. *See, e.g., Great Am. Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 394 F. Supp. 2d 1058, 1061-62 (N.D. Iowa 2005) (denying motion for attorneys' fees and costs, where removing party's arguments were fairly supportable and there was no showing of bad faith). Therefore the Plaintiffs' motion for attorneys' fees will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No. 19] and Defendant Arch's motion to remand [Doc. No. 62 ] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the County of St. Louis, Missouri.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2011.